**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jose Santiago SANCHEZ–HERRERA, Defendant–Appellant.**

**No. 05–40963 Conference Calendar.**

United States Court of Appeals, Fifth Circuit.

June 20, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Margaret Christina Ling, Assistant Federal Public Defender, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before STEWART, DENNIS, and OWEN, Circuit Judges.

PER CURIAM: *

Jose Santiago Sanchez–Herrera appeals his conviction and sentence for illegal reentry into the United States after deportation following a conviction for an aggravated felony. The Government seeks to dismiss Sanchez–Herrera's appeal as barred by the appellate waiver provision in his plea agreement.

Sanchez–Herrera's conviction was pursuant to a written plea agreement. In the agreement, Sanchez–Herrera waived the right to have facts that the law makes essential to the punishment either charged in the indictment, proven to a jury, or proven beyond a reasonable doubt. Sanchez–Herrera also waived the right to appeal his sentence, but reserved the right to appeal a sentence in excess of the statutory maximum sentence. We assume, *arguendo* only, that the waiver does not bar the instant appeal.

Sanchez–Herrera cannot succeed in this appeal, however, because his constitutional challenge is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Sanchez–Herrera contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Sanchez–Herrera properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.